■ In the Matter of KATHLEEN BATES, Appellant, v LEE P. BROWN, as Police Commissioner of the City of New York and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Norman C. Ryp, J.), entered March 27, 1991, which denied petitioner's application pursuant to CPLR article 78 to annul respondents determination denying petitioner's deceased husband's accidental disability retirement benefits, unanimously affirmed, without costs.

Petitioner brings this action as executrix of the estate of her husband, a New York City police officer who was appointed to his position in February, 1968 and who served until his retirement on July 14, 1983. Petitioner's husband sustained six line-of-duty injuries during his tenure. In February 1982 he was diagnosed with cancer, and he died as a result in July 1984.

Petitioner has failed to establish that her husband's disability resulted from his line-of-duty injuries *(Matter of Hipple v Ward,* 146 AD2d 201, 206, *lv denied* 74 NY2d 614). Decedent's medical history, including the letter from his physician was reviewed and evaluated with no causal link found to exist between his line-of-duty injuries and his disability. The matter has previously been remanded to the Board. The Board was entitled to "rely on the Medical Board's recommendations as to causation, an issue reflecting on matters of medical judgment, even in the face of conflicting evidence" *(supra,* at 206-207). We have considered petitioner's other claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.